IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NORMAN K. KAMA, SR.<br>#A0086537,<br><br>      Plaintiff,<br><br>    vs.<br><br>DOUG PARSON, Individually<br>and in his capacity as<br>Parole officer, ALBERT<br>TUFONO, Individually and in<br>his capacity as chairman of<br>Hawaii Paroling Authority,<br>AND LINDA LINGLE,<br>Individually and in her<br>capacity as Governor<br><br>      Defendants. | CIV. NO. 06-00340 HG-BMK<br><br>**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915** |

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915**

On June 22, 2006, *pro se* Plaintiff Norman Kama, a prisoner incarcerated at Waiawa Correctional Facility in Aiea, Hawaii, filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. For the following reasons, the Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b).

**BACKGROUND**

On October 19, 2005, Kama appeared before the Parole Revocation Board ("the Board") for a hearing to determine whether he violated the terms of his parole. (*See* Compl. at 2.) Kama's alleged violations included possession of methamphetamine on or about January 25, 2005; failure to report to his parole officer

on or about February 8, 2005; and failure to maintain mental health services. (*See* Compl. at 2.)  Plaintiff does not make clear to the court what specific conclusion the Board reached. Based on the complaint and Kama's current address, however, the court presumes that the Board revoked Kama's parole.

Kama names Governor Linda Lingle, Hawaii Paroling Authority Chairman, Albert Tufono, and parole officer, Doug Parson, as Defendants in both their individual and official capacities. Kama specifically alleges violations of his Fifth, Sixth and Fourteenth Amendment rights under the Hawaii State Constitution. The court construes Kama's allegations, however, to include violations of his Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution, as well as Article 1, Section 5 and Article 1, Section 10 of the Hawaii State Constitution.

First, Kama alleges that the "Hawaii parole officer", presumably Parson, lied at the parole hearing.  Kama sets forth that it was "cruel and unusual punishment" for the Board to permit Parson to "go to" the hearing. (*See* Compl. at 3.)  Kama further states that Parson's testimony violated Plaintiff's Fifth Amendment rights. (*See* Compl. at 3.)  Finally, Kama asserts libel and slander claims against Parson for the allegedly untruthful statements made during the hearing.
(*See* Compl. at 3.)

Second, Kama asserts that he was denied effective assistance of counsel at the hearing. (*See* Compl. at 3.) Specifically, Kama states that the Hawaii Paroling Authority[1] only gave him five minutes prior to the hearing to meet with his attorney. And, throughout the course of the hearing, his attorney did not sufficiently argue the disputed facts. (*See* Compl. at 3.)

Third, Kama argues that his Fourteenth Amendment due process rights were violated when he was not given "ample time" to prepare for the hearing. (*See* Compl. at 3.) Kama also states that he could not prepare for the hearing because he was not provided a copy of the alleged violations against him.

Finally, Kama sets forth that Governor Lingle, in her supervisory capacity, acted with deliberate indifference and violated his Constitutional rights when, having knowledge of the alleged unlawful acts of the Hawaii Paroling Authority, took no steps to address the alleged acts. (*See* Compl. at 4.)

## LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable

---

[1] Although Kama does not name the Hawaii Paroling Authority as a Defendant, he makes specific allegations against it. Where Kama sets forth allegations against the HPA, the court interprets the claims as made against Defendants Tufono and Parson.

claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt.  Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); *see also* Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Kama's Complaint fails to state a claim under section 1983 and must be dismissed.

I.  <u>Defendants Tufono and Parsons Are Entitled to Absolute Immunity.</u>

State parole board officials are entitled to absolute, quasi-judicial immunity from damages in civil rights actions for their acts taken when processing a parole application.  <u>Sellars v. Procunier</u>, 641 F.2d 1295, 1302 (9th Cir. 1981); *cf*. <u>Anderson v. Boyd</u>, 714 F.2d 906, 909 (9th Cir. 1983) (parole officials are absolutely immune when acting in quasi-judicial capacity in parole revocations).  As such, any acts taken by Tufono or Parson that resulted in revoking Kama's parole, were quasi-judicial acts taken in the course of parole board hearings and are protected by the doctrine of absolute immunity.

Moreover, a prisoner has no federal constitutional right to parole.  <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7-11 (1979).  Further, the Ninth Circuit has held that Hawaii's prison regulations and policies do not create a protected liberty interest in parole.  <u>Neal v. Shimoda</u>, 131 F.3d 818, 828 (9th Cir. 1997).  Claims for damages against Tufono and Parson, in their individual or official capacities as state parole board officials are DISMISSED without leave to amend.  While this order gives Kama leave to submit an amended complaint, he may not reassert claims dismissed here as barred by absolute immunity.

II.   <u>Kama Fails to State a Claim for Relief Under § 1983.</u>

Kama's claims reveal that he is actually challenging the very fact of his parole revocation and confinement. Such claims fail to state a claim for relief under section 1983 and are cognizable only in a petition for writ of habeas corpus. *See* <u>Calderon v. Ashmus</u>, 523 U.S. 740, 747 (1998); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 500 (1973); <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam).

"[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole federal remedy is a writ of habeas corpus." <u>Preiser v. Rodriquez</u>, 411 U.S. at 500; <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). The Supreme Court has also held that even where the plaintiff is only seeking money damages, then the case must be filed under habeas corpus, not under § 1983. <u>Heck v. Humphrey</u>, 512 U.S. 477. Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. *See* <u>Trimble</u>, 49 F.3d at 586.

An inmate's "claim for damages is not cognizable under 42 U.S.C. § 1983 if `a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." <u>Edwards v. Balisok</u>, 520 U.S. 641, 643 (1997) (quoting <u>Heck</u>, 512 U.S. at 487).  A § 1983 claim, however, remains available to a state prisoner for procedural challenges to parole proceedings where success in the action would not necessarily spell immediate or speedier release for the prisoner.  *See* <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005).

Here, Kama's claims challenge the very legality of his parole revocation.  Although Kama's Complaint includes procedural challenges to the parole revocation hearing, he is specifically challenging the sufficiency of the evidence at the hearing.  Kama argues that the parole violations set forth against him, including possession of methamphetamine, failure to report and failure to maintain mental health services, are all a "complete lie by the parole officer."  (*See* Compl. at 2.)  The foundation for each claim rests on the allegation that Parson lied at the parole hearing.  A judgment in favor of Kama on these claims necessarily implies that his reincarceration and sentence are illegal.  *See* <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997) (concluding that a challenge to the procedures used in

denial of parole necessarily implicates the validity of the prisoner's continuing confinement). In order to assert these claims under § 1983, Kama must "demonstrate that the conviction or sentence has previously been invalidated." Edwards, 520 U.S. at 643. If Kama is unable to so demonstrate, the court must dismiss those claims. *Id.* at 1589; Trimble 49 F.3d at 585. Kama has not, and apparently cannot, provide evidence that his parole revocation has already been (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into question by the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck, 512 U.S. at 482; Trimble, 49 F.3d at 586. As Kama has not demonstrated that his parole revocation has been invalidated, the court DISMISSES with leave to amend so that Kama may reassert these claims if he ever succeeds in invalidating his parole revocation.

III.    Defendants Sued in Their Official Capacities Are Entitled to Eleventh Amendment Immunity with Respect to Claims for Damages.

Kama names Defendants in their official and individual capacities. This court lacks jurisdiction over claims for damages against Defendants in their official capacities. Those claims are barred by the Eleventh Amendment, which "prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d

1050, 1053 (9th Cir. 1991) (citation omitted); *see also* Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 267-68 (1997).  Defendants, as state officials, are immune from suit for damages in their official capacities.  *See* Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).  Claims for damages against Defendants in their official capacities are DISMISSED.

Eleventh Amendment immunity does not bar all claims against state officials in their official capacities, and it does not bar claims against state officials sued in their individual capacities.  While state officials acting in their official capacities may not be sued in federal court for damages or violations of state law, they may be sued in federal court for prospective injunctive relief sought in connection with alleged violations of federal law.  *See* Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984); Lawrence Livermore Nat'l Lab., 131 F.3d at 839.  Kama, however, does not seek prospective injunctive relief.

The Eleventh Amendment is not a bar that may be cured by the filing of any amended complaint.  While this order gives Kama leave to submit an amended complaint, he may not reassert claims dismissed here as barred by the Eleventh Amendment.  That is, Kama may not reassert damage claims against Defendants in their official capacities.

IV.  <u>Kama Fails to State a Claim Against Governor Lingle.</u>

Kama's bare allegations against Governor Lingle fail to state a claim against her in her individual capacity. There is no *respondeat superior* liability under 42 U.S.C. § 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Gibson v. County of Washoe, Nev.</u>, 290 F.3d 1175, 1185 (9th Cir. 2002). To state a civil rights claim against an individual defendant, a plaintiff must allege facts, not mere conclusions, showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation. <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989).

A supervisor may be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision or control of his subordinates." <u>Watkins v. City of Oakland, Cal.</u>, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991)). A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citations and internal

quotations omitted).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

There is nothing in the Complaint to suggest that Lingle participated in, directed or even knew about Kama's parole hearing.  Kama makes no allegations that Governor Lingle was involved in the hearing.  Nor is there anything suggesting there was a policy within the Hawaii Paroling Authority, implemented or enforced by Lingle, which would approve of the alleged Constitutional violations against Kama.  In fact, Kama alleges no facts tying Governor Lingle to any of the alleged violations here, apparently naming her because of her general supervisory responsibilities over the State of Hawaii.  This is insufficient to state a claim against her in her individual capacity.  Accordingly, Governor Lingle is DISMISSED in her individual capacity, although Kama is given leave to amend, if possible, to show her personal involvement in his claims.

## CONCLUSION

IT IS HEREBY ORDERED THAT:

1.  Kama's Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2).  Kama is GRANTED THIRTY DAYS LEAVE TO AMEND his Complaint, if possible, to cure the deficiencies discussed above.  **Failure to file an**

**amended complaint within thirty days of this order will result in AUTOMATIC DISMISSAL of this action with prejudice pursuant to 28 U.S.C. § 1915A.  Such a dismissal shall count as one strike pursuant to 28 U.S.C. § 1915(g).**

    2.   Kama's claims against Defendant Lingle, in her individual capacity, are DISMISSED.  Kama is GRANTED THIRTY DAYS leave to amend, if possible, to show Defendant Lingle's personal involvement in his claims.

    3.   Kama's claims for damages against Defendants in their official capacities are DISMISSED without leave to amend.

    4.   Kama's claims for damages against Defendants Tufono and Parson, in their individual capacities are DISMISSED without leave to amend.

    5.   If Kama decides to amend the Complaint in accordance with this order, the amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."  Local Rule 10.3.  The document must bear the docket number assigned this case and must be clearly labeled "Amended Complaint."

    6.   The Clerk is DIRECTED to send Kama a prisoner civil rights complaint form.  The Clerk is further DIRECTED to forward a copy of this order to Kama; to the Department of Public Safety's designee Tom Read at 919 Ala Moana Blvd., Honolulu, Hawaii, 96814; and to Mark J. Bennett, Attorney General of the

State of Hawaii, at 425 Queen Street, Honolulu, Hawaii, 96813.

     IT IS SO ORDERED.

     DATED:  Honolulu, Hawaii, August 22, 2006.



     **/s/ Helen Gillmor**
     Chief United States District Judge

*Kama v. Parson*, et al. Civ No. 06-340 HG-BMK; Order of Dismissal Pursuant to 28 U.S.C. § 1915; heather/Screening Orders 06/kama 06-340 (dismiss cmpt & grt lve to amd)