IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NORMAN K. KAMA, SR.           )     CIVIL NO. 06-00340 HG-BMK
#A0086537,                    )
                              )
          Plaintiff,          )
                              )     ORDER DISMISSING FIRST AMENDED
     vs.                      )     COMPLAINT
                              )
DOUG PARSON, ALBERT TUFONO,   )
AND LINDA LINGLE,             )
                              )
          Defendants.         )
_____ )

## ORDER DISMISSING FIRST AMENDED COMPLAINT

On June 22, 2006, *pro se* Plaintiff Norman Kama, a prisoner incarcerated at Waiawa Correctional Facility in Aiea, Hawaii, filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.  On August 22, 2006, this Court screened the Complaint pursuant to 28 U.S.C. § 1915, and dismissed it for failure to state a claim.[1]  Kama was given leave to amend the Complaint, if possible, to cure the Complaint's deficiencies.  On September 21, 2006, Kama filed his first Amended Complaint, realleging his claims against all Defendants.  For the following reasons, the Court dismisses the Amended Complaint without further leave to amend.

_____

[1] See Docket No. 5, Order of Dismissal, entered August 23, 2006.

**BACKGROUND**

The facts of this case have been fully set forth in the August 22 Order and will only be summarized here.  The Amended Complaint names Albert Tufono, Hawaii Paroling Authority Chairman, Doug Parson, parole officer, and Linda Lingle, Governor of the State of Hawaii, in their individual capacities.

Kama states that on October 19, 2005, his parole was revoked for violations of the terms of his parole. (See Compl. at Attachment.)  Kama's alleged violations included possession of methamphetamine on or about January 25, 2005; failure to report to his parole officer on or about February 8, 2005;  and failure to maintain mental health services.  (See Compl. at Attachment.)

In Count I, Kama re-alleges that Governor Lingle did not investigate the Hawaii Paroling Authority to determine if it was performing its duties correctly. (See Compl. at 4.)  In addition, Kama re-alleges that he was denied effective assistance of counsel at the revocation hearing.  (See Compl. At 4.)  Finally, Kama re-alleges that Albert Tufono did not give him an adequate amount of time to prepare for the revocation hearing. (See Compl. at 4.)

In Count II, Kama re-alleges that Doug Parson made false statements at the revocation hearing thereby causing Kama's parole to be revoked.  (See Compl. at 5.)

## LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt.  <u>Morrison v. Hall</u>, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Terracom v. Valley Nat'l Bank</u>, 49 F.3d 555, 558 (9th Cir. 1995) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Kama's Complaint fails to state a claim under section 1983 and must be dismissed.

I.   <u>Defendants Tufono and Parson Remain Entitled to Absolute Immunity.</u>

This Court has dismissed Kama's claims against Tufono and Parson because state parole board officials are entitled to absolute, quasi-judicial immunity in civil rights actions for their acts taken when processing a parole application.  <u>Sellars v. Procunier</u>, 641 F.2d 1295, 1302 (9th Cir. 1981); <u>cf.</u> <u>Anderson v. Boyd</u>, 714 F.2d 906, 908-09 (9th Cir. 1983) (parole officials are absolutely immune when acting in quasi-judicial capacity in parole revocations).  As such, any acts taken by Tufono or Parson that resulted in revoking Kama's parole, were quasi-judicial acts taken in the course of parole board hearings and are protected by the doctrine of absolute immunity.

Moreover, a prisoner has no federal constitutional right to parole.  <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7-11 (1979).  Further, the Ninth Circuit Court of Appeals has held that Hawaii's prison regulations and

4

policies do not create a protected liberty interest in parole.
<u>Neal v. Shimoda</u>, 131 F.3d 818, 828 (9th Cir. 1997).  Claims
against Tufono and Parson, in their individual capacities as
state parole board officials, remain DISMISSED without leave to
amend.

II.  <u>Kama Fails to State a Claim for Relief Under § 1983.</u>

Although this Court dismissed Kama's claims challenging his
parole revocation and confinement, Kama has realleged them,
without providing any basis for finding that these claims are
actionable under § 1983.  Such claims fail to state a claim for
relief under section 1983 and are cognizable only in a petition
for writ of habeas corpus.  <u>See</u> <u>Calderon v. Ashmus</u>, 523 U.S. 740,
747 (1998); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Preiser v.
Rodriquez</u>, 411 U.S. 475, 500 (1973); <u>Smithart v. Towery</u>, 79 F.3d
951, 952 (9th Cir. 1996) (per curiam).

"[W]hen a state prisoner is challenging the very fact or
duration of [the prisoner's] physical imprisonment, and the
relief [the prisoner] seeks is a determination that [the
prisoner] is entitled to immediate release or a speedier release
from that imprisonment, [the prisoner's] sole federal remedy is a
writ of habeas corpus."  <u>Preiser v. Rodriquez</u>, 411 U.S. at 500;
<u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995)
(per curiam).  The Supreme Court has also held that even where
the plaintiff is only seeking money damages, then the case must

be filed under habeas corpus, not under § 1983.  Heck v.

Humphrey, 512 U.S. 477.  Where the complaint states a habeas

claim instead of a § 1983 claim, the court should dismiss the

claim without prejudice for failure to exhaust, rather than

converting it to a habeas and addressing it on the merits.  See

Trimble, 49 F.3d at 586.

An inmate's "claim for damages is not cognizable under 42

U.S.C. § 1983 if `a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence,'

unless the prisoner can demonstrate that the conviction or

sentence has previously been invalidated."  Edwards v. Balisok,

520 U.S. 641, 643 (1997) (quoting Heck, 512 U.S. at 487).  A §

1983 claim, however, remains available to a state prisoner for

procedural challenges to parole proceedings where success in the

action would not necessarily spell immediate or speedier release

for the prisoner.  See Wilkinson v. Dotson, 544 U.S. 74, 82

(2005).

As he was informed, Kama's allegations challenge the very

legality of his parole revocation and are not cognizable under

§ 1983.  Kama's Amended Complaint specifically challenges the

sufficiency of the evidence at the hearing.  Kama argues that the

parole violations set forth against him, including possession of

methamphetamine, failure to report and failure to maintain mental

health services, are all false.  (See Compl. at Attachment.)

6

A judgment in favor of Kama on these claims necessarily implies that his reincarceration and sentence are illegal.  See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (concluding that a challenge to the procedures used in denial of parole necessarily implicates the validity of the prisoner's continuing confinement).

As he was also informed, in order to assert these claims under § 1983, Kama must "demonstrate that the conviction or sentence has previously been invalidated." Edwards, 520 U.S. at 643.  Kama has not done so.  The claims, therefore, must remain dismissed.  Id. at 648; Trimble 49 F.3d at 585.  Kama has not, and apparently cannot, provide evidence that his parole revocation has already been (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into question by the issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  Heck, 512 U.S. at 482; Trimble, 49 F.3d at 585. Kama's Amended Complaint fails to cure the deficiency in these claims, and they are DISMISSED for failure to state a claim without leave to amend.

IV.  Kama Fails to State a Claim Against Governor Lingle.

The court dismissed Governor Lingle, finding that Kama failed to allege her personal involvement in these claims.  Kama re-asserts that Governor Lingle did not properly oversee the

7

Hawaii Paroling Authority to ensure that it was performing its job correctly.  Based on the facts alleged in the Amended Complaint, this is insufficient to state a claim against Governor Lingle.

There is no *respondeat superior* liability under 42 U.S.C. § 1983.  <u>Polk County  v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Gibson v. County of Washoe, Nev.</u>, 290 F.3d  1175, 1185 (9th Cir. 2002).  To state a civil rights claim against an individual defendant, a plaintiff must allege facts, not mere conclusions, showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation.  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989).

A supervisor may be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision, or control of his subordinates."  <u>Watkins v. City of Oakland, Cal.</u>, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991)).  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  <u>Redman v. County of San Diego</u>, 942

8

F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citations and internal quotations omitted).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

There is nothing in the Amended Complaint to suggest that Governor Lingle participated in, directed or even knew about Kama's parole hearing.  Kama makes no allegations that Governor Lingle was involved in the hearing.  Nor is there anything suggesting there was a policy within the Hawaii Paroling Authority, implemented or enforced by Governor Lingle, which would approve of the alleged Constitutional violations against Kama.  This is insufficient to state a claim against her in her individual capacity.  Accordingly, Governor Lingle is DISMISSED without further leave to amend.

//

//

//

//

//

//

//

//

//

## CONCLUSION

IT IS HEREBY ORDERED THAT:

1.    Kama's claims against Defendant Lingle are DISMISSED without leave to amend.

2.    Kama's claims against Defendants Tufono and Parson are DISMISSED without leave to amend.

3.    Kama's Complaint is DISMISSED, without leave to amend, for failure to state a claim pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 18, 2006.



_/s/ Helen Gillmor_____
Chief United States District Judge

Kama v. Parson, et al. Civil No. 06-00340 HG-BMK; ORDER DISMISSING FIRST AMENDED COMPLAINT; heather/Screening Orders 06/Kama 06-340 (dis 1st Amd Cmp)

10